91 209
45ap212

In the Matter of the Probate of the Last Will and Testament of Jessie J. Davis, Deceased.

CHARLES E. DAVIS, Appellant ; MARGARETTA DAVIS, Respondent.

*Will — testamentary capacity.*

Upon a contest had relative to the probate of a will, it appeared that the testator made his will in the evening of December 7, 1894; that he was an aged man and had suffered from heart disease for about a month prior to the execution of the will; that for a good part of this period he was unable to sleep or lie down or to take sufficient nourishment, and was at times light headed.

The will was witnessed by his family physician and a neighbor, both of whom testified that the testator was of sound mind when he executed the will. Several witnesses for the contestant testified that just before and soon after the will was executed the testator was irrational, and the lawyer who drew the will testified that the testator was irrational upon the afternoon of the day when the will was executed, and that he would not allow the testator to execute it then.

*Held*, that the periods of irrational action were manifestations of the progress of the disease, and were temporary, resulting from lack of rest and proper nourishment;

That the will was properly admitted to probate.

APPEAL by the contestant, Charles E. Davis, from a decree of the Surrogate's Court of the county of Kings, entered in said court on the 8th day of April, 1895, admitting to probate an instrument purporting to be the last will and testament of Jesse J. Davis, deceased.

*Benno Loewy*, for the appellant.

*Charles W. Culver*, for the respondent.

BROWN, P. J. :

The substantial and material facts in this case are undisputed. The contestant is the son of the testator, and the proponent of the will is his widow.

The deceased was upwards of seventy years of age and had married the proponent about six months prior to his death. He had been sick with heart disease for about a month prior to the execution of his will. A good part of the time he was unable to sleep or lie down, or to take sufficient nourishment, and at times he was flighty and light headed.

The will bore date of December 7, 1894, and was executed on the evening of that day. It was witnessed by his family physician, Dr.

Winter, and a neighbor, Mrs. Neidhardt. It had been prepared by his lawyer, Mr. Wright, who had for a long time been his personal friend. At the request of the testator the will was read to him by Dr. Winter twice. After the second reading he said : " That is just exactly as I want it to be." Dr. Winter testified that at the time of executing the will the testator was of sound mind and memory, and Mrs. Neidhardt testified that she considered that he was of sound mind at the time. She said : " He seemed to me to be just as sound as he had been on previous occasions when I had seen him, only he was weak."

The contestant called one witness who saw the testator the day after the will was executed, who testified that he was then irrational. Another witness saw him three times between the eighth and the twenty-third of December, when he died. The witness testified that at such times he was irrational. Another witness saw him after December thirteenth and testified that he was then irrational. Mr. Wright, who drew the will, testified that he called on him on the afternoon of December seventh ; that he was then irrational and that he (Wright) would not allow him to execute the will. There was no evidence to support the charge of undue influence, and, upon the testimony which I have quoted, we are of the opinion that the surrogate properly decided that the testator was competent to execute the will.

The irrational conversations which were testified to by the contestant's witnesses did not prove that the testator was insane. They were manifestations of the progress of the disease from which he suffered, and indicated a weak mind as the result of suffering from lack of rest and proper nourishment. These periods of irrational action and lack of sound mental control were temporary, and when they had passed the testator was able to attend to business and to understand the nature and character of his acts. They were fully explained by his physician, and there was absolutely no testimony to contradict the statements of Dr. Winter and Mrs. Neidhardt that when he executed the will his mind was clear.

The decree must be affirmed, with costs to be paid by the appellant.

PRATT and DYKMAN, JJ., concurred.

Decree of surrogate affirmed, with costs to be paid by appellant.